[Cite as *Thayer v. Ohio State Penitentiary*, 2009-Ohio-7169.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

COREY THAYER

Plaintiff

v.

OHIO STATE PENITENTIARY

Defendant

Case No. 2009-06486-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1)      On December 6, 2008, plaintiff, Corey Thayer, an inmate incarcerated at defendant, Ohio State Penitentiary (OSP), was transferred to a segregation unit.  Plaintiff's personal property was inventoried, packed, and delivered into the custody of OSP staff incident to the transfer.

{¶ 2} 2)      Plaintiff related he was released from segregation on December 23, 2008 and his personal property was returned.  According to plaintiff, multiple clothing items and two bath towels were not among the returned property.  Plaintiff has asserted the following property items were lost or stolen while under the control of OSP personnel:  three pairs of shorts, one pair of sweat pants, one sweat shirt, six t-shirts, one six pack of socks, three pairs of boxer shorts, and two bath towels.  Plaintiff filed this complaint seeking to recover damages in the amount of $111.69, the stated replacement cost of his alleged missing property.  The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 3} 3)      Plaintiff submitted a copy of his property inventory compiled on

December 6, 2008 when he was transferred to segregation. All the claimed missing property is listed on this inventory with the exception of one pair of boxer shorts. Plaintiff submitted invoices showing he purchased three pairs of shorts, a pair of sweat pants, a sweat shirt, six undershirts, a six pack of socks, three pairs of boxer shorts, and two towels in February 2004 while he was incarcerated at Trumbull Correctional Institution.

**{¶ 4}** 4)     Defendant denied liability in this matter contending most of the items plaintiff claimed as missing were state issue clothing and not personal property. Defendant further contended plaintiff did not offer proof he actually owned the property claimed. Defendant did not address the issue that packed property was lost or stolen while under the control of OSP staff.

**{¶ 5}** 5)     Plaintiff filed a response insisting his personal property was lost while under the control of OSP staff. Plaintiff denied the missing clothing items and towels claimed were state issue.

CONCLUSIONS OF LAW

**{¶ 6}** 1)     This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 7}** 2)     Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 8}** 3)     Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 9}** 4)     Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 10}** 5)     Negligence on the part of defendant has been shown in respect to the loss of all property claimed. *Baisden v. Southern Ohio Correctional Facility* (1977), 76-0617-AD.

**{¶ 11}** 6)　The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's assertions persuasive regarding the fact he owned all the items claimed.

**{¶ 12}** 7)　Negligence on the part of defendant has been shown in respect to the issue protecting plaintiff's property after he was transferred. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

**{¶ 13}** 8)　The court finds defendant liable to plaintiff in the amount of $111.69, plus the $25.00 filing fee. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

COREY THAYER

　　Plaintiff

　　v.

OHIO STATE PENITENTIARY

　　Defendant

　　Case No. 2009-06486-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE</u>
<u>DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $136.69, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Corey Thayer, #420-105
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

RDK/laa
10/22
Filed 11/20/09
Sent to S.C. reporter 3/12/10